**SUMMONS ISSUED**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ APR 30 2012 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
FRIEDA REIZES on behalf of herself and
all other similarly situated consumers

                Plaintiff,

-against-

RETRIEVAL MASTERS CREDIT BUREAU, INC.

                Defendant.
-----------------------------------------------------------

CV 12-2113

BLOCK, J.

REYES, JR, M.

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Frieda Reizes seeks redress for the illegal practices of Retrieval Masters Credit Bureau, Inc. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff a consumer debt purportedly owed to E-ZPass.

4. Upon information and belief, defendant's principal place of business is located in Elmsford, New York.

-1-

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations Particular to Frieda Reizes*

9. Upon information and belief, on a date better known by defendant, defendant began to attempt to collect an alleged consumer debt from the plaintiff.

10. On or about July 18, 2011 defendant sent the plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11. Said letter states in pertinent part as follows: "As a reminder, evading tolls and/or non-payment of tolls is prohibited by the laws of New Jersey. New Jersey law enforcement possesses technology to link your license plate with your excessive non-payment of tolls and fees. In the event that you are stopped by a law enforcement officer, your car may be impounded."

12. Upon information and belief, police are not authorized to pull vehicles over and impound them solely because the police through the use of technology determined that the

license plate is associated with an E-Z Pass account that has an outstanding balance.

13. The least sophisticated consumer will interpret this to mean that police use technology to monitor vehicles which owe money to EZ Pass and may pull them over solely for that reason and impound their vehicle.

14. The statement in paragraph thirteen is false.

15. Further, since there is no legitimate possibility of the car being impounded for a minor overdue EZ Pass balance, that portion of the letter is highly misleading unfair and deceptive.

16. A reasonable reading of the two sentences together causes the reader to be deceived.

17. The sentences read together imply that police use technology to monitor moving vehicles which owe money to EZ Pass, and solely for owing money to EZ Pass, the police may pull over the vehicle and impound it.

18. This is a false statement that the FDCPA prohibits under section 1692e(10).

19. The sentence: "In the event that you are stopped by a law enforcement officer, your car may be impounded" is highly misleading and deceptive to an average consumer (and all the more so to the least sophisticated consumer), because there is no reasonable possibility that if a vehicle is pulled over for a minor overdue EZ Pass balance, it will face impoundment.

See. Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 25 (2d Cir. 1989). (Because the collection notice was reasonably susceptible to an inaccurate reading, it was deceptive within the meaning of the Act) Clomon v. Jackson, 988 F.2d 1314, 1319 (2d

Cir. 1993). (Collection notices are deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate) Russell v. Equifax A.R.S., 74 F.3d 30, 34 (2d Cir. N.Y. 1996) (A notice is overshadowing or contradictory if it would make the least sophisticated consumer uncertain as to her rights. A collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate. The fact that the notice's terminology was vague or uncertain will not prevent it from being held deceptive under § 1692e(10) of the Act.) Jacobson v. Healthcare Fin. Serv., Inc., 516 F.3d 85 (2d Cir. 2008). (Language unlawfully overshadowed or contradicted the debt validation rights notice when it would make the least sophisticated consumer uncertain as to her rights, regardless of whether the plaintiff was actually confused.) Campuzano-Burgos v. Midland Credit Mgmt., Inc., 550 F.3d 294 (3d Cir. 2008). (The court summarized the law of deception under the least sophisticated consumer standard: A communication is deceptive for purposes of the Act if: "it can be reasonably read to have two or more different meanings, one of which is inaccurate". This standard is less demanding than one that inquires whether a particular debt collection communication would mislead or deceive a reasonable debtor) Dutterer v. Thomas Kalperis Int'l, Inc., 2011 WL 382575 (E.D. Pa.Feb. 4, 2011). (A communication that could be "reasonably read to have two or more different meanings, one of which is inaccurate," is considered deceptive.) Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008). (It is a remedial statute that we 'construe . . . broadly, so as to affect its purpose.' " Communications are to be analyzed under the least sophisticated debtor standard. A debt collection letter is deceptive where it can be

reasonably read to have two or more different meanings, one of which is inaccurate.) Smith v. Harrison., 2008 WL 2704825 (D.N.J. July 7, 2008). (A debt collection letter "is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate.") Brown v. Card Serv. Ctr., 464 F.3d 450 (3d Cir. 2006). FDCPA is remedial, strict liability statute to be liberally construed. Communications from collectors to debtors are analyzed from the perspective of the least sophisticated consumer. A debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate. Holmes v. Mann Bracken, L.L.C., 2009 WL 5184485 (E.D. Pa.Dec. 22, 2009). Where defendant sent the communication knowing that the contents could be "deceptive" because such communication could have "two or more different meanings, one of which is inaccurate," the court denied defendant's motion for summary judgment Reed v. Pinnacle Credit Servs., L.L.C., 2009 WL 2461852 (E.D.Pa. Aug. 11, 2009). (Objective least sophisticated consumer standard applies. Thus, where there are two possible meanings to a communication, one of which is inaccurate, the least-sophisticated consumer could be misled or deceived by that inconsistency.) Mushinsky v. Nelson, Watson & Assoc., L.L.C., 642 F. Supp. 2d 470 (E.D. Pa. 2009). A collection letter is deceptive if it can reasonably have two meanings, one of which is inaccurate. Dutterer v. Thomas Kalperis Int'l, Inc., 2011 WL 382575 (E.D. Pa. Feb. 4, 2011). A notice that could be "reasonably read to have two or more different meanings, one of which is inaccurate,' Dutton v. Wolhar, 809 F. Supp. 1130 (D. Del. 1992) ("least

sophisticated debtor is not charged with gleaning the more subtle of the two interpretations" of a collection notice).

20. 15 U.S.C. § 1692e(10) provides: A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

21. In addition, the false deceptive and misleading threat of impoundment would leave the least sophisticated consumer uncertain to his or her 1692g validation rights.

22. Said letter also states in pertinent as follows: ". . . A service fee of $4.95 may apply".

23. The notification and collection of the $4.95 transaction fee is unlawful. *See e. g Shami v. National Enter. Sys.*, 2010 WL 3824151 (E.D.N.Y. Sept.23, 2010)
The court concluded that the complaint sufficiently pleaded a cause of action for violation of §§ 1692f(1) and 1692e(2).The complaint involved a collection letter including the language ''You can now pay by automated phone system . . . or on the internet. Transaction fees will be charged if you use the automated phone system or the internet to make payment on this account. You are not required to use the automated phone system or the internet to make payment on this account.''

24. Defendant's transaction fee demand is in violation of 15 U.S.C. §§ 16292e(2) and 1692f(1) for engaging in deceptive practices, by making a false representation that it was entitled to receive compensation for payment by credit card, or by collecting an amount that was not authorized by contract or permitted by law.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of herself and the members of a class, as against the defendant.*

25. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-24 as if set forth fully in this cause of action.

26. This cause of action is brought on behalf of plaintiff and the members of two classes.

27. Class A consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letters sent to the plaintiff on or about July 18, 2011; (b) the collection letter was sent to a consumer seeking payment of a personal debt; and (c) the collection letter was not returned by the postal service as undelivered, and (d) that the message contained violations of 15 U.S.C. §§ 1692g, 1692e(10).

28. Class B consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letter sent to the plaintiff on or about July 18, 2011 sent within one year prior to the date of the within complaint (b) the collection letter was sent to a consumer seeking payment of a consumer debt; and (c) the collection letter was not returned by the postal service as undelivered (d) and the plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e(2) and 1692f(1) for making a false representation that it was entitled to receive compensation for payment by credit card.

29. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letters that are at the heart of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received the collection letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

30. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the

      risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

31.   If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

32.   Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

33.   The defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

34.   Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in her favor and against the defendant and award damages as follows:

    (a)   Statutory and actual damages provided under the FDCPA, 15 U.S.C. 1692(k);

    (b)   Attorney fees, litigation expenses and costs incurred in bringing this action; and

    (c)   Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York.
April 24, 2012

*[signature]*

Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

*[signature]*

Adam J. Fishbein (AF-9508)

46



**RETRIEVAL-MASTERS CREDITORS BUREAU, INC.**
4 Westchester Plaza, Suite 110
Elmsford, NY 10523



C06921 0101

01 DA1 ACV 161 2000347966708
FRIEDA REIZES
1615 CARROLL ST
BROOKLYN, NY 11213-5409

Pin Number: 24915365181
1-914-345-7136

July 18, 2011

Re: New Jersey E-ZPass

Dear Frieda Reizes:

Your account has been placed with us by our client, New Jersey E-ZPass, for outstanding violations owed in the amount of $26.00. Listed below are the details of up to 5 of your outstanding violations.

As a reminder, evading tolls and/or non-payment of tolls is prohibited by the laws of New Jersey. New Jersey law enforcement possesses technology to link your license plate with your excessive non-payment of tolls and fees. In the event that you are stopped by a law enforcement officer, your car may be impounded.

Our client has informed us that you have not responded to its notices regarding your non-payment of New Jersey E-ZPass violations. We would like to clarify this matter and work with you to satisfy this obligation. Therefore, please contact us to resolve this matter at the telephone number above.

| Date of Violation | Citation Number | Roadway | Total Due | Plate Number |
|---|---|---|---|---|
| 03/13/2011 | T20110312627701 | BERGEN | $26.00 | ERIR5162 |

Please see the reverse side of this letter for important information about your rights. If you do not respond you will be subject to additional collection efforts.

1794-AMCA-107899-19799985-P; 124693-2-1300; 31490846-1; 1

See reverse side for important information.

Detach and return this portion with payment using enclosed envelope.

**Amount Due: $26.00**

To pay online: www.pay.retrievalmasters.com

☐ VISA  ☐ MASTERCARD  ☐ DISCOVER

Card #:

Exp. Date: _____ Amount _____

Signature: _____

(A service fee of $4.95 may apply.)

You Owe: New Jersey E-ZPass

Violation Date: March 13, 2011
Account Number: 2000347966708
Pin Number: 24915365181
Name: Frieda Reizes
Street Address: 1615 Carroll St
City, State Zip: Brooklyn, NY 11213

DA1 ACV 161

RMCB
PO BOX 1235
ELMSFORD, NY 10523-0935

ACV02600200034796670B++1